# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS PENSION FUND </br></br>Plaintiff, </br></br> v. </br></br> BUDRON EXCAVATING CO., an Illinois corporation </br></br> Defendant. | ) ) ) ) ) ) No. ) ) Judge ) ) Magistrate Judge ) ) |

## COMPLAINT

Plaintiff, TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILINOIS PENSION FUND ("Fund"), by their attorney, John J. Toomey, of Arnold and Kadjan, complain against Defendant, BUDRON EXCAVATING CO., an Illinois corporation, as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. §1001-1461 ("ERISA").

3. This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

4. Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), in that the Suburban Teamsters of Northern Illinois Pension Fund is administered at its principal place of business in West Chicago, Illinois.

## PARTIES

5. Plaintiff is the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILINOIS PENSION FUND ("Pension Fund"), and the Fund is a multiemployer pension plan within the meaning of Section 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

6. The present trustees of the Pension Fund are the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. §1301(a)(10)(A). The Trustees administer the Pension Fund at 1171 Commerce Drive, Unit 1, West Chicago, Illinois.

7. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

8. BUDRON EXCAVATING CO., an Illinois corporation, which maintained its principal place of business in West Chicago, Illinois and was engaged in an industry affecting commerce.

9. BUDRON EXCAVATING CO., an Illinois corporation and any other trades and business under common control with them (the "Budron Control Group") constitute a single employer within the meaning of 29 U.S.C. 1301(b)(1) and the regulations thereunder.

10. According to records obtained from the Illinois Secretary of State, Gerald H. Weber is the president of BUDRON EXCAVATING CO..

12. Upon information and belief, Gerald H. Weber wholly owned and controlled BUDRON EXCAVATING CO. and, therefore, exercised control over the company.

13. The Budron Control Group, including BUDRON EXCAVATING CO., is the "employer" for purposes of the determination of withdrawal liability under Title IV of ERISA.

14. BUDRON EXCAVATING CO. was subject to collective bargaining agreements, executed between itself and Suburban Teamsters of Northern Illinois under which BUDRON EXCAVATING CO. was required to make contributions to the Pension Fund on behalf of certain of its employees.

## CLAIM FOR RELIEF

15. The Pension Fund has determined that during the plan year from January 1, 2011 to December 31, 2011, the Budron Control Group permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. §1383.

16. As a result of this complete withdrawal, all entities constituting the Budron Control Group including BUDRON EXCAVATING CO. incurred withdrawal liability to the Pension Fund in the amount of $42,765.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. §1381(b) (the "Withdrawal Liability").

17. On or about January 28, 2014 BUDRON EXCAVATING CO. received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382(2) and 1399(b)(1). Receipt of this Notice and Demand by BUDRON EXCAVATING CO. constituted receipt of the notice and demand by all members of the Budron Control Group.

18. Pursuant to 29 U.S.C. 1399(c)(2) withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review, which required the initial quarterly payment on February 14, 2014. No such request for review has been made by Defendant.

19. No quarterly withdrawal liability payments have been received from the Budron Control Group, including BUDRON EXCAVATING CO.

20. As a result of the failure to make the required payments, the Budron Control Group, through Defendant, BUDRON EXCAVATING CO., on or about March 25, 2014, received Notice of Overdue Withdrawal Liability Payment and Demand for Payment with respect to the February 14, 2014 withdrawal liability payment. This Notice was sent via First Class U.S. Mail and Certified Mail, Return Receipt Requested.

21. The Budron Control Group, including Defendant, BUDRON EXCAVATING CO., is in default within the meaning of 29 U.S.C. 1399(c)(5).

22. BUDRON EXCAVATING CO. received notice of this default from the Fund on or about May 28, 2014. This provided notice to all members of the Budron Control Group

23. As a result of the default, the Trustees have accelerated the payment of the full amount of withdrawal liability and the Budron Control Group, including Defendant, BUDRON EXCAVATING CO., is now liable for the full amount of withdrawal liability assessed of $42,765.00, together with interest calculated from the February 14, 2014 date of the missed payment giving rise to the default.

24. The members of the Budron Control Group including Defendant, BUDRON EXCAVATING CO. is jointly and severally liable for the withdrawal liability.

WHEREFORE, Plaintiff requests the following relief:

A. A judgment for the Plaintiff and against the Defendant BUDRON EXCAVATING CO., as a member of the Budron Control Group, jointly and severally for the full amount of withdrawal liability assessed of $42,765.00 together with interest calculated from February 14, 2014, through the date of the judgment.

B. Pursuant to 29 U.S.C. 1451(e), an award of all costs and expenses incurred in connection with the action including reasonable attorneys' fees.

C. Such further or different equitable relief as the court deems just and proper to protect the assets of the Pension Fund and assure prompt payment.

                          TRUSTEES OF THE SUBURBAN TEAMSTERS
                          OF NORTHERN ILLINOIS PENSION FUND

                          By: _____
                                    One of Its Attorneys

John J. Toomey
ARNOLD AND KADJAN
203 N. LaSalle Street
Suite 1650
Chicago, Illinois 60601
(312) 236-0415